1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

CHRISTOPHER F.,

11

Plaintiff,

12

v.

13

COMMISSIONER OF SOCIAL
SECURITY,

14

Defendant.

15

CASE NO. 3:20-CV-5049-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16

I.        INTRODUCTION

17

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the

18

Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for

19

supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of

20

Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter

21

heard by the undersigned Magistrate Judge. *See* Dkt. 2.

22

After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

23

erred in evaluating the opinions of examining psychologists Terilee Wingate, Ph.D. and Phillip

24

Gibson, Ph.D., and evaluating Plaintiff's testimony. Because the ALJ erred in evaluating the

1 | opinions of two psychologists, the ALJ must reevaluate at step two whether Plaintiff has any

2 | severe mental impairments. Accordingly, this matter is reversed and remanded pursuant to

3 | sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with

4 | this Order.

## II.   FACTUAL AND PROCEDURAL HISTORY

6 | Plaintiff filed an application for SSI in September 2016, alleging disability as of February

7 | 28, 2014. *See* Dkt. 10, Admin. Record ("AR"), 154–55, 274–80. The application was denied on

8 | initial administrative review, and on reconsideration. *See* AR 154–65, 167–79. A hearing was

9 | held before ALJ Allen Erickson on September 18, 2018. *See* AR 40–102. In a decision dated

10 | December 3, 2018, ALJ Erickson determined Plaintiff to be not disabled. *See* AR 21–33. The

11 | Appeals Council denied review. *See* AR 1–4.

## III.   STANDARD OF REVIEW

13 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14 | social security benefits if the ALJ's findings are based on legal error or not supported by

15 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## IV.   DISCUSSION

18 | **A.      Whether the ALJ Reasonably Rejected Dr. Wingate's Opinions**

19 | Plaintiff contends the ALJ failed to give specific and legitimate reasons for rejecting Dr.

20 | Wingate's opinions. *See* Dkt. 13, pp. 4–7. Dr. Wingate examined Plaintiff on April 30, 2018. *See*

21 | AR 511–19. She opined Plaintiff was markedly limited in his ability to perform within a

22 | schedule, maintain regular attendance, maintain appropriate behavior in a work setting, and

23 |

24 |

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 2

1 │ complete a normal work day or week without interruption from his psychologically based

2 │ symptoms. AR 513.

3 │      The ALJ gave Dr. Wingate's opinions little weight. AR 32. The ALJ reasoned Dr.

4 │ Wingate's opinions were "grossly inconsistent with the overall medical evidence of record." *Id.*

5 │      An ALJ may only reject the opinions of an examining doctor when contradicted if the

6 │ ALJ provides "specific and legitimate reasons that are supported by substantial evidence in the

7 │ record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53

8 │ F.3d at 1035, 1043 (9th Cir. 1995)). The ALJ can satisfy this requirement "by setting out a

9 │ detailed and thorough summary of the facts and conflicting clinical evidence, stating his

10 │ interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.

11 │ 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

12 │      The ALJ erred in rejecting Dr. Wingate's opinions. The ALJ reasonably found Plaintiff

13 │ was asymptomatic prior to 2018, but unreasonably concluded Plaintiff's symptoms were due to

14 │ transitory grief. *See* AR 24–25, 32, 448, 455. The ALJ reasonably noted Plaintiff had an acute

15 │ exacerbation of his symptoms following his partner's sudden death. *See* AR 24–25, 32, 503, 521,

16 │ 565. But the ALJ also stated there was "no evidence in the record to indicate that [Plaintiff's]

17 │ symptoms will persist with appropriate treatment," which was not accurate. AR 25. Plaintiff was

18 │ receiving treatment as of the latest medical records, and Dr. Wingate—who evaluated Plaintiff

19 │ several months after his partner's death—found Plaintiff's symptoms would persist for at least

20 │ 12 months with treatment. *See* AR 513, 650. The ALJ's determination was not supported by

21 │ substantial evidence, and thus he harmfully erred in rejecting Dr. Wingate's opinions.

22 │

23 │

24 │

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 3

1    **B.      Whether the ALJ Reasonably Rejected Dr. Gibson's Opinions**

2          Plaintiff contends the ALJ failed to give specific and legitimate reasons for rejecting Dr.

3    Gibson's opinions. *See* Dkt. 13, pp. 8–9. Dr. Gibson examined Plaintiff on November 14, 2016.

4    *See* AR 438–41. Dr. Gibson opined Plaintiff's recent memory was "mildly impaired," and

5    "limited in adaptive skills." AR 440.

6          The ALJ gave Dr. Gibson's opinions "partial weight." AR 32. The ALJ reasoned Dr.

7    Gibson's opinions were generally consistent with the overall medical record, but his opinion that

8    Plaintiff had limited adaptive skills was "not consistent with the claimant's ability to complete

9    his activities of daily living and attend medical appointments." *Id.*

10         The ALJ erred in rejecting Dr. Gibson's opinion on Plaintiff's adaptive skills. The

11    activities the ALJ referenced as inconsistent with this opinion related to Plaintiff's social skills,

12    not his adaptive skills. The ALJ did not link the two, and therefore did not explain his reasoning.

13    *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a

14    medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting

15    without explanation that another medical opinion is more persuasive, or criticizing it with

16    boilerplate language that fails to offer a substantive basis for his conclusion."). The ALJ

17    harmfully erred in rejecting Dr. Gibson's opinion on Plaintiff's adaptive skills.

18    **C.      Whether the ALJ Reasonably Found No Severe Mental Impairments at Step Two**

19          Plaintiff contends the ALJ erred in finding Plaintiff had no severe mental impairments.

20    *See* Dkt. 13, p. 10. The ALJ found Plaintiff had a medically determinable impairment of

21    posttraumatic stress disorder ("PTSD"), but found this impairment was non-severe. AR 24–25.

22    The Court withholds judgment on this issue because the ALJ erred in evaluating the opinions

23    from the two examining psychologists, Dr. Wingate and Dr. Gibson. *See supra* Part IV.A–B.

24

1   How the ALJ evaluates this evidence will impact the step two finding, so the Court does not need

2   to address this issue. The ALJ shall reevaluate the step two findings on remand.

3   **D.      Whether the ALJ Reasonably Discounted Plaintiff's Symptom Testimony**

4          Plaintiff contends the ALJ failed to give clear and convincing reasons for discounting

5   Plaintiff's subjective symptom testimony. *See* Dkt. 13, pp. 10–12. Plaintiff testified he has pain

6   in his neck, back, right shoulder, left hip, and left knee. *See* AR 310. He testified he received a

7   cortisone injection in his right shoulder, but it was not effective. AR 60. Plaintiff testified he had

8   surgery on his left knee, which eliminated the sharp pain he was having, but the knee was "still

9   popping, and hurting, and stuff," after the surgery. AR 62. Plaintiff testified he has significant

10  pain in his lower back and neck. *See* AR 63. Plaintiff testified he has PTSD. AR 64.

11         The Ninth Circuit has "established a two-step analysis for determining the extent to

12  which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664,

13  678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective

14  medical evidence of an impairment that "'could reasonably be expected to produce the pain or

15  other symptoms alleged.'" *Id.* (quoting *Garrison*, 759 F.3d at 1014–15). At this stage, the

16  claimant need only show that the impairment could reasonably have caused some degree of the

17  symptoms; he does not have to show that the impairment could reasonably be expected to cause

18  the severity of the symptoms alleged. *Id.* The ALJ found Plaintiff met this first step. *See* AR 27.

19         If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ

20  may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for

21  doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*,

22  759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not

23  substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As

24

1 | long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of

2 | the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242

3 | F.3d 1144, 1148 (9th Cir. 2001).

4 |      The ALJ rejected Plaintiff's testimony regarding the severity of his impairments. *See* AR

5 | 27–31. The ALJ reasoned Plaintiff's testimony was inconsistent with the treatment record and

6 | Plaintiff's actual functioning. *See* AR 27–30. The ALJ further reasoned Plaintiff's testimony was

7 | undermined by inconsistent statements he made, and because his partner supported him

8 | financially, suggesting he was not working for reasons other than disability. AR 31.

9 |      The ALJ erred in rejecting Plaintiff's symptom testimony as inconsistent with the

10 | treatment record. *See* AR 30. First, an ALJ may not cherry-pick the record, pointing to a few

11 | normal findings to support his opinion while ignoring the overall diagnostic picture. *See Attmore*

12 | *v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). That is what the ALJ did here. The ALJ noted, for

13 | example, a record stating Plaintiff's "[c]hronic pain is stable," but failed to note Plaintiff was

14 | referred to physiatry for steroid injections at the same appointment. *See* AR 30, 425. The ALJ

15 | noted in another record Plaintiff had satisfactory strength and muscle tone in his knee, but failed

16 | to note Plaintiff was diagnosed with a complex tear of the medial meniscus and partial tear of the

17 | gastrocnemius, both of which required surgery. *See* AR 30, 446, 449, 451–53.

18 |      Second, the ALJ mischaracterized Plaintiff's treatment as conservative. Plaintiff had

19 | surgery on his left knee. *See* AR 451–52. He took opioid medications including OxyContin and

20 | Percocet to manage his pain. *See* AR 447, 454, 467, 472, 477. He received steroid injections in

21 | his right shoulder and lower back. *See* AR 59–60, 466, 718. None of this is conservative

22 | treatment. *See Garrison*, 759 F.3d at 1015 n.20 ("[W]e doubt that epidural steroid shots to the

23 | neck and lower back qualify as 'conservative' medical treatment."); *Kager v. Astrue*, 256 F.

24 |

1  App'x 919, 923 (9th Cir. 2007) (finding error where the ALJ discounted the plaintiff's testimony

2  based on a lack of significant pain therapy, when the plaintiff had been prescribed opioid

3  medications).

4       The ALJ further erred in rejecting Plaintiff's testimony as inconsistent with his actual

5  functioning. *See* AR 30. An ALJ may reject a plaintiff's symptom testimony based on his daily

6  activities if they contradict his testimony or "meet the threshold for transferable work skills."

7  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). However, "the

8  mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving

9  a car, or limited walking for exercise, does not in any way detract from [his] credibility as to

10 [his] overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."

11 *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). That

12 Plaintiff shopped for groceries, cooked (mostly frozen food), and did some household chores

13 does not convincingly undermine his testimony. *See* AR 69–70, 79, 312–13.

14      The ALJ erred in rejecting Plaintiff's testimony based on inconsistent statements, as well.

15 *See* AR 31. The ALJ pointed to two statements to justify his position: Plaintiff's explanation as

16 to why he was tapering off opioid medications, and his statement that he sometimes needed to

17 use a cane. *See id.* But neither statement is so inconsistent with the record as to justify wholesale

18 rejection of Plaintiff's testimony. As to opioid treatment, in a stilted exchange with the ALJ,

19 Plaintiff said he "probably shouldn't" taper off his opioid medications, "but because of what

20 happened to me [his partner's sudden death] I'd like to get my brain in order." AR 59. As the

21 ALJ noted, Plaintiff's doctor was taking him off opioid medications because he had an abnormal

22 urine screen, in violation of his pain contract. AR 505–06. The record otherwise showed

23 consistent compliance with Plaintiff's pain contract. *See, e.g.*, AR 458–65, 477–503. Plaintiff

24

1   was not as forthcoming about why he was discontinuing opioid medication as he should have

2   been, but he ALJ did not adequately explain how this undermined Plaintiff's testimony regarding

3   the severity of his symptoms.

4          Similarly, Plaintiff' statement about his use of a cane was not so inconsistent as to justify

5   rejecting all of his pain testimony. Plaintiff stated in an adult function report that he uses a cane

6   when his back, hip, and knee are all acting up. *See* AR 310. The ALJ found this an inconsistent

7   statement because "there is no evidence in the record to corroborate [Plaintiff's] claim." AR 31.

8   But an inconsistent statement is different than an unsupported statement, and the latter does not

9   justify rejecting the entirety of Plaintiff's symptom testimony.

10          Finally, the ALJ erred in rejecting Plaintiff's testimony based on the suggestion Plaintiff

11   was not working because his partner supported him financially. *See* AR 31. The record could

12   reasonably support a finding that Plaintiff's partner supported him financially. *See* AR 415, 447,

13   521. But nothing in the record establishes Plaintiff was not working due to this financial support,

14   as opposed to not working because of the severity of his symptoms. The ALJ therefore erred in

15   rejecting Plaintiff's testimony on this basis.

16          In sum, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's

17   testimony regarding the severity of his symptoms. The ALJ therefore harmfully erred.

18   **E.     Scope of Remand**

19          Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Dkt.

20   13, p. 13. Remand for an award of benefits "is a rare and prophylactic exception to the well-

21   established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

22   Because Plaintiff presents no substantive argument in support of his request, the Court finds it

23   has not been adequately argued. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir.

24

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 8

1 | 2009) ("Arguments made in passing and inadequately briefed are waived."). The Court therefore

2 | remands this matter for further administrative proceedings.

3 |      On remand, the ALJ shall reevaluate Dr. Wingate's and Dr. Gibson's opinions, reassess

4 | Plaintiff's severe impairments at step two, and reevaluate Plaintiff's symptom testimony. The

5 | ALJ shall reassess all other relevant steps of the disability evaluation, and conduct further

6 | proceedings as necessary to reevaluate the disability determination in light of this opinion.

7 | V.     <u>CONCLUSION</u>

8 |      Based on the foregoing reasons, the Court finds that the ALJ improperly concluded

9 | Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

10 | this matter is remanded for further administrative proceedings in accordance with the findings

11 | contained herein.

12 |      Dated this 16th day of July, 2020.

13 |

14 |                     David W. Christel

15 |                     United States Magistrate Judge

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 9